**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 24 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SUNEARTH, INC., a California corporation; THE SOLARAY CORPORATION, a Hawaiian corporation, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> SUN EARTH SOLAR POWER CO., LTD., a Chinese limited liability company, FKA Ningbo Solar Electric Power Co., Ltd.; NBSOLAR USA INC., a California corporation, <br><br> Defendants - Appellees. | No. 13-17622 <br><br> D.C. No. 4:11-cv-04991-CW <br><br><br> MEMORANDUM[*] |
| SUNEARTH, INC., a California corporation; THE SOLARAY CORPORATION, a Hawaiian corporation, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> SUN EARTH SOLAR POWER CO., LTD., a Chinese limited liability company, FKA Ningbo Solar Electric Power Co., Ltd.; NBSOLAR USA INC., a California corporation, <br><br> Defendants - Appellees. | No. 15-16096 <br><br> D.C. No. 4:11-cv-04991-CW |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, Senior District Judge, Presiding

Argued and Submitted December 8, 2015
San Francisco, California

Before: KOZINSKI, BYBEE, and CHRISTEN, Circuit Judges.

The district court did not abuse its discretion by granting an injunction that permitted Sun Earth Solar Power Co., Ltd. and its subsidiary NBSolar USA Inc. (collectively, "SESP") to identify Sun Earth Solar Power Co., Ltd. as the manufacturer, importer, or seller on goods "branded as NBSolar rather than Sun Earth . . . to the minimum extent necessary as required by law or ordinary business customs to operate within the United States under the NBSolar name." When fashioning an injunction to remedy trademark infringement, the district court has the discretion to permit non-misleading uses of a trade name. *See E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1297–98 (9th Cir. 1992). Nor does the exception violate Rule 65(d)'s requirements that the order granting the injunction "state its terms specifically" and "describe in reasonable detail . . . the act or acts restrained." Fed. R. Civ. P. 65(d). An injunction allowing limited use of a trademark need not "catalog the entire universe of possible uses" but must only, as

---

\*　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

here, give the trademark holder "adequate notice" of the enjoined party's permissible uses. *See GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1211 (9th Cir. 2000).

The district court did not err in determining that this was not an exceptional case. The district court did not clearly err in its determination that SESP's infringing conduct was the result of a negligent failure to investigate, not "malicious, fraudulent, deliberate, or willful" infringement. *See Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1078 (9th Cir. 2015). Nor did the district court clearly err in determining that SESP's missteps in its efforts to comply with the preliminary injunction were the result of incompetence and carelessness, not intentional mistakes. Appellants argue that a recent Supreme Court case interpreting the Patent Act altered the definition of "exceptional" under the Lanham Act's fee-shifting provision. *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). Appellants argue that under *Octane Fitness* the district court should have analyzed their claim for fees under a "totality of the circumstances" test instead of looking to our prior case law requiring "malicious, fraudulent, deliberate, or willful" infringement. We are bound by a post-*Octane Fitness* panel's decision applying our prior definition of exceptional.

*See Fifty-Six Hope Rd. Music, Ltd.*, 778 F.3d at 1078 (citing *Gracie v. Gracie*, 217 F.3d 1060, 1068 (9th Cir. 2000)).

Further, given the district court's findings, we have little doubt that this case is unexceptional even under *Octane Fitness*'s totality of the circumstances test. SESP's products bear the "Sun Earth" name abroad. The district court found that SESP's lead executive "credibly and consistently" testified that SESP did not intend to copy Sun Earth's mark but instead sought to unify its U.S. brand with its global brand. SESP also successfully registered its mark with the USPTO and the district court credited SESP's explanation that it mistakenly believed that this registration established non-infringement. As to the websites, the district court found that SESP's post-injunction failure to implement choice pages was due to IT incompetence and that SESP voluntarily brought itself into compliance after Sun Earth filed its contempt motion. As to the labels, the district court determined that SESP's original label violated the modified preliminary injunction because it included the manufacturer's name at the top as opposed to the bottom of the label. The label included the words "Sun Earth Solar Power Co., Ltd." next to a NBSolar logo, and in the same size font as the other text on the label. Again, the district court found that SESP voluntarily complied once notified of the deficiency. Similarly, the district court found that SESP's various factual misstatements in its

court filings were due to "mistake and carelessness" and were "affirmatively acknowledged and corrected." Finally, SESP's brief assertion of non-frivolous, state-law counterclaims cannot make this a case of "exceptional" infringement under the Lanham Act.

The district court did not abuse its discretion in failing to order contempt sanctions against SESP for infringing content on its independent distributors' websites. The injunction only applied to websites maintained by SESP. Sun Earth, Inc. has not shown that SESP engaged in the type of knowing, affirmative conduct necessary for it to have aided or abetted its distributors' violations. *See Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 950–52 (9th Cir. 2014).

Appellants also request attorneys' fees as damages for time expended responding to SESP's cross appeal. SESP filed a cross appeal, failed to prosecute it, but refused to stipulate to dismissal. We recognize that appellants may be entitled to a modest fee award due to this dilatory conduct, *see* 28 U.S.C. § 1912, Fed. R. App. P. 38, and refer appellants' motion to the Appellate Commissioner. *See* 9th Cir. R. 39-1.9.

Accordingly, we AFFIRM the district court's permanent injunction, its denial of attorneys' fees to appellee, and its denial of sanctions.[2]

**AFFIRMED**.

---

[2] We also DENY Appellants' motion to supplement the record as moot.